570 P.2d 276

FIRST SECURITY BANK of Idaho
National Association,
Plaintiff-Respondent,

v.

Clyde A. NEIBAUR and Norma B. Nei-
baur, Mitchell C. Neibaur and Vi Layne
Neibaur, Defendants-Respondents,

and

Glen Van Tassell and Erma Van Tassell,
Defendants-Appellants.

Glen VAN TASSELL and Erma Van
Tassell, Cross-Plaintiffs-Appellants,

v.

Clyde A. NEIBAUR, Norma B. Neibaur,
Mitchell C. Neibaur and Vi Layne Nei-
baur, Cross-Defendants-Respondents.

Rex E. HEBDON and Margaret M.
Hebdon, husband and wife,
Plaintiffs-Respondents,

v.

Glen VAN TASSELL and Erma Van
Tassell, husband and wife,
Defendants-Appellants,

and

Clyde A. Neibaur and Norma B. Neibaur,
husband and wife, Mitchell C. Neibaur
and Vi Layne Neibaur, husband and
wife, Horsley Bros., a partnership, and
Mitt Campbell, Defendants-Respon-
dents.

Glen VAN TASSELL and Erma Van
Tassell, husband and wife,
Plaintiffs-Appellants,

v.

FIRST SECURITY BANK of Idaho, N.A.,
Clyde A. Neibaur, Norma B. Neibaur,
Mitchell C. Neibaur and Vi Layne Nei-
baur, Rex E. Hebdon and Margaret M.
Hebdon, Horsley Bros., a partnership,
and Mitt Campbell, Defendants-Respon-
dents.

Nos. 12150, 12151 and 12396.

Supreme Court of Idaho.

Sept. 20, 1977.

Kenneth F. Clarke, of Kerr, Williams & Clarke, Blackfoot, for defendants-appellants.

L. Lamont Jones, Pocatello, for plaintiff-respondent First Security Bank of Idaho.

Gordon S. Thatcher, of Rigby, Thatcher & Andrus, Rexburg, for defendants-respondents Neibaur.

Wallace M. Transtrum, Soda Springs, and L. Brent Hoggan, of Olson, Hoggan, & Sorenson, Logan, Utah, for plaintiffs-respondents Hebdon.

DONALDSON, Justice.

This case involves the status of real property in Caribou County. On December 15, 1972, Rex and Margaret Hebdon conveyed the real property subject to this action to appellants Glen and Erma Van Tassell. To finance the sale, the Van Tassells gave the Hebdons a promissory note in the principal amount of $146,000 secured by a purchase-money mortgage. The Van Tassells defaulted and the Hebdons filed a foreclosure action against them in district court on April 11, 1975.

Prior to their default, the Van Tassells had entered into an installment sales contract for the sale of the same real property to Clyde and Norma Neibaur. On May 27, 1975, the First Security Bank of Idaho, the escrow agent in the transaction, filed an interpleader action against the Van Tassells and the Neibaurs to determine to whom its responsibility as escrow agent would run. In that same case the Van Tassells cross-claimed against the Neibaurs and the Neibaurs cross-claimed against the Van Tassells, each party claiming that the other breached the installment sales contract.

After discovery procedures had been completed, the interpleader action was set for trial. The foreclosure action was never set for trial, however. The cases were distinct at this stage of the proceedings.

On May 27, 1975, the day set for trial of the interpleader action, discussion began between counsel for the Neibaurs and counsel for the Van Tassells with the aim of reaching an out-of-court settlement. Counsel for the Hebdons was also brought into the discussion. The parties reached a preliminary agreement. The record establishes that counsel for the Hebdons was careful to limit his stipulation to the foreclosure action. He specifically stated not to have any knowledge of the agreement reached between the Van Tassells and the Neibaurs concerning their cross-claims in the interpleader action. He also stated that the agreement was not yet final. Separate stipulations embodying the agreement between the Van Tassells and the Neibaurs regarding their cross-claims in the interpleader action and the agreement between the Hebdons and the Van Tassells regarding the foreclosure action were made in open court. The stipulations were somewhat vague but their net effect appears to have been the substitution of the Neibaurs for the Van Tassells on the mortgage obligation to the Hebdons. The Van Tassells in consideration for $22,500 to be paid by the Hebdons were to relinquish all their interest in the real property and convey the property to the Hebdons subject only to the interest that the Neibaurs had acquired under the installment sales contract. In their separate stipulation, the Neibaurs and the Van Tassells abandoned their cross-claims against each other.

The stipulations were never reduced to writing. It was the anticipation of the parties that the details of the May 27th stipulations would be clarified and committed to writing the next day when they would be submitted to the court. To that end a meeting was arranged in the courtroom of the district judge for the morning of May 28th. That same morning, however, before the stipulations could be reduced to writing, a judgment against the Van Tassells in favor of one George W. Flick in the State of Utah in the amount of $265,561.55 was filed in the records of the Caribou County recorder.

The district court then, on its own motion, entered a minute entry and order, back-dated May 27, 1975, in which the court stated that both the interpleader and the foreclosure action were fully compromised and settled. The court further ordered that both actions should be dismissed with prejudice.

The Hebdons, doubting the efficacy of the court order in view of the Flick judgment lien, attempted to obtain relief from the district court's order dismissing their foreclosure action. They filed a motion designated as a motion to set aside and reinstate, but did not specify which procedural rule inspired it. The Van Tassells did not challenge the district court's dismissal of the interpleader action together with its cross-claims at this time.

The Hebdons' motion to set aside the dismissal of their foreclosure action and to have it reinstated apparently was never ruled upon. Instead, the district court entered a new order on October 28, 1975, which ordered the Van Tassells to clear Flick's judgment lien within ninety days, or in the alternative to allow the Hebdons and/or the Neibaurs to clear such judgment lien offsetting any funds so expended against any obligation owed to the Van Tassells under the terms of the stipulations. The district court's intention was to effectuate the order of May 27, 1975. The court stated that although the order was dated as of October 28, 1975, the order was effective as of May 27, 1975.

On December 24, 1975, the Van Tassells filed an appeal to the Idaho Supreme Court from the October 28th order. They also appealed the May 27th order at this time, hoping to reinstate their cross-claim against the Neibaurs in the interpleader action. The Neibaurs filed a motion to dismiss both appeals, alleging that they were untimely. In addition, the Van Tassells also filed motions based upon Rule 60(b)(4), (5) of the

Idaho Rules of Civil Procedure for relief from both the May 27th and October 28th orders.

In recognition of the fact that a district court loses jurisdiction to hear motions that pertain to subject matters for which an appeal has been filed, the Van Tassells filed a motion to remand with the Supreme Court on June 1, 1976. Said motion was granted in an order of temporary remand dated June 28, 1976. The district court was given temporary jurisdiction for the sole purpose of hearing the Van Tassells' Rule 60(b) motions. Under the terms of the order, in the event that the district court denied the motions, the Van Tassells were relieved of the necessity of perfecting an appeal. The order of remand provided that the record on appeal would be augmented to reflect the action of the district court in denying the 60(b) motions and that an appeal from the denial could be heard on the merits without the necessity of perfecting another appeal.

Prior to this time on May 24, 1976, the Van Tassells filed another complaint in the district court contending among other things that the district court orders of May 27th and October 28th were void.

On August 24, 1976, the district court dismissed the Van Tassells' Rule 60(b) motions. The district court also dismissed the Van Tassells' complaint of May 24th, contending that the exact same matter was before the Supreme Court in the appeals from the district court orders of May 27th and October 28th and that the district court did not therefore have jurisdiction to consider the matter. The Van Tassells appeal this dismissal. This appeal has been consolidated with the Van Tassells' appeals from the district court orders of May 27, 1975 and October 28, 1975.

The procedural mesh that has evolved in this case can be simplified. The Van Tassells are attempting to reinstate their cross-claim in the interpleader action that was dismissed in the district court's order of May 27, 1975. Their appeal was not filed until December 24, 1975, however.

Idaho Code § 13–201 mandates that an appeal must be taken within sixty days from the date of a final district court order. Unless the Van Tassells can establish some independent basis for the allowance of their appeal of the May 27th order, it must be dismissed as untimely.

 Three bases are suggested: first that the district court's order of October 28th reopened the case, second, that the Hebdons' motion to set aside and reinstate tolled the appeal time, and third, that the district court order of May 27th was void. None of the suggested theories can legitimize the Van Tassells' appeal.

The district court order of October 28th can not validate an untimely appeal from a prior order. Idaho Code § 13–201 demands that all appeals from final orders be perfected within sixty days. The order of May 27th was final in that it dismissed the respective actions with prejudice. By not appealing that order within the statutory time period, the Van Tassells abdicated any right to appeal that order. A timely appeal must be taken from a judgment that is final even when it is followed by a post-judgment order. In the present case, the district court evidently thought that an additional order was necessary to effectuate its prior order. It therefore entered the October 28th order. That order is, itself, appealable,[1] but it does not permit an attack on the underlying judgment if that judgment is final. 9 Moore's Federal Practice § 110.-14[1] (2d ed. 1975).

 The Van Tassells further contend that the Hebdons' motion to set aside and reinstate tolled the appeal time.

The first question to be answered in resolving this matter is under which Idaho Rule of Civil Procedure the Hebdons brought their motion. The Hebdons did not specify a rule in their motion. It can be classified either as an I.R.C.P. 59(e) motion

---

1. The final judgment rule does not preclude review of post-judgment orders. They are themselves subject to the test of finality, but an appeal can ultimately be taken from them. 9 Moore's Federal Practice § 110.14[1] (2d ed. 1975).

or an I.R.C.P. 60(b) motion. Which motion it is in fact is significant because of the effect the respective motions have on the finality of a judgment. Motion for relief under Rule 60(b) does not affect the finality of a judgment and hence does not toll the time for appeal from the final judgment. A Rule 59(e) motion, however, does destroy the finality of a judgment for purposes of appeal, and the full time for appeal commences to run anew from the entry of an order disposing of the motion and restoring finality. I.C. § 13–201; 7 Moore's Federal Practice § 60.29 (2d ed. 1975).

Cases applying identical federal rules authorize the vacation of judgments under both rules. *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863 (9th Cir. 1959); *Kelly v. Delaware River Joint Commission*, 187 F.2d 93 (3rd Cir. 1951), *cert. denied*, 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1951); 6A Moore's Federal Practice § 59.12[1] (2d ed. 1975). We believe, however, that the purposes of the respective rules dictate that resort should be made to Rule 59 if the time limitation for such relief has not expired when the motion is served.

Rule 59 was designed to allow the trial court either on its own initiative or on motion by the parties to correct errors both of fact and law that had occurred in its proceedings. It thereby provided a mechanism to circumvent appeal. To this end, it was provided that the statutory time allotted for appeal should be suspended until the trial court entered a ruling on the Rule 59 motion. The time limitation for filing a Rule 59 motion was set at ten days from the entry of judgment. This time limitation struck a balance between the need for finality and the utility of permitting self-correction of error. Rule 60(b) allowed a longer period for seeking relief from judgment, but it did not affect the finality of the judgment. The Hebdons' motion to set aside the order of May 27, 1975, and reinstate their foreclosure action was filed on June 3, 1975 so that it was within the time allowed for a timely Rule 59(e) motion. We are unable to find any case which construed a motion to set aside a judgment made within ten days of the judgment as a Rule 60(b) motion. Given what we believe to be the total context of the respective rules, we will treat the Hebdons' motion to set aside and reinstate as a Rule 59(e) motion. *Foman v. Davis*, 292 F.2d 85 (1st Cir. 1961).

The question then is the effect the Hebdon's motion had on the dismissal of the interpleader action.

The Hebdons' motion to set aside and reinstate considered as a Rule 59(e) motion did toll the appeal time on the May 27, 1975 order, but it tolled the appeal time on that order only in so far as it affected the foreclosure action. The district court's order of May 27, 1975 dismissed both the foreclosure action and the interpleader action. The record indicates, however, that at all times, even in the district court's order of May 27, 1975, the separate identities of the two cases were preserved. The parties entered into separate stipulations, the respective counsels filed separate pleadings and motions in the cases, and the district court itself maintained the dual identities of the two cases. No motion for consolidation was made by any of the parties to the proceedings and no order pursuant to Rule 42(a) of the Idaho Rules of Civil Procedure has been issued consolidating the cases. Given the separate identities of the cases, post-trial motions would only affect the case in which they were filed. The Hebdons' motion made to reinstate the foreclosure action had no effect on the finality of the interpleader action.

■ The Van Tassells' final contention is that the order of May 27th was void and that an appeal from a void judgment is timely even if it occurs after the expiration of the statutory period allowed for appeals. No authority is cited for this proposition and we can find none. Putting aside the issue of whether the May 27, 1975 order was void, we hold that a void judgment does not affect the necessity of making a timely appeal. A party cannot perfect an appeal otherwise untimely on the grounds

that the judgment appealed from is void.[2] 7 Moore's Federal Practice § 60.25[1] (2d ed. 1975).

Since the Van Tassells cannot establish any basis for validating their tardy appeal of the May 27, 1975 order, we dismiss their appeal as untimely. The Neibaurs' motion to dismiss was correctly granted.

 On May 24, 1976, while this appeal was pending, the Van Tassells filed a complaint in the district court alleging that the May 27, 1975 order and the October 28, 1975 order were void. The district court dismissed that action contending that the exact same matter was before the Supreme Court in the appeals from the district court orders of May 27, 1975 and October 28, 1975. We agree with the district court.

Validation of the Van Tassells complaint of May 24, 1976 would only produce repetitive litigation. The principal contention of the complaint, that the orders of May 27, 1975 and October 28, 1975 were void, has been raised in the Van Tassells' appeal from those orders, which appeal was pending when the Van Tassells initiated their complaint. The issue of whether the May 27 and October 28, 1975 orders were void, as well as the peripheral issues of the complaint, was also raised in the Van Tassells' motion for Rule 60(b) relief.

When the Van Tassells filed their Rule 60(b) motion, which motion was filed contemporaneously with their appeal of the May 27, 1975 and October 28, 1975 orders, they apparently recognized that once an appeal is filed, the district court loses subject matter jurisdiction over the suit until the case is remanded to it by the appellate court. The Van Tassells sought and re-ceived an order of temporary remand to allow the district court to entertain their Rule 60(b) motion. The order of temporary remand dated June 28, 1976, gave the district court jurisdiction for the sole purpose of hearing the Van Tassells' Rule 60(b) motions. In no way can it validate any other action. Once an appeal is taken from the district court, the district court is divested of jurisdiction, except to take action in aid of the appeal. *Coeur d'Alene Turf Club, Inc. v. Cogswell*, 93 Idaho 324, 461 P.2d 107 (1969); 7 Moore's Federal Practice § 60.-30[2] (2d ed. 1975); 4 Am.Jur.2d, Appeal and Error § 352. The district court properly ruled that the Van Tassells' complaint of May 24, 1976 did not state a valid claim; the district court therefore did not err in dismissing the action.

The only action before us that has procedural merit is the Van Tassells' appeal from the district court's order of October 28, 1975. That appeal was filed within the statutory period of limitations set by I.C. § 13–201. We will therefore consider its substance.

 We will also consider the related subject of the validity of the May 27, 1975 order. We have already held that the Van Tassells cannot appeal the May 27, 1975 dismissal of the interpleader action together with its cross-claims. The Hebdons, however, filed, what we have found to be a Rule 59(e) motion, seeking relief from the May 27, 1975 order in so far as it dismissed their foreclosure action. That motion has yet to be ruled upon. We remand to the district court for this purpose, but in order to avoid additional litigation we believe that some comments are in order.[3]

---

**2.** The Idaho Rules of Civil Procedure do provide relief against a void judgment. One of the bases for Rule 60(b) relief from judgment is that the judgment was void. A Rule 60(b) motion predicated on a void judgment can be made within a "reasonable time," which according to one authority "means generally no time limit." 7 Moore's Federal Practice § 60.-25[2] (2d ed. 1975). The Van Tassells did file a Rule 60(b) motion based in part on the argument that the May 27, 1975 order was void. That motion was denied by the district court.

This denial will be considered in footnote 4 of this opinion.

**3.** It has already been stated that a timely motion under Rule 59(e) to alter or amend a judgment, unlike a Rule 60(b) motion, suspends the finality of the judgment and tolls the time for taking an appeal. If the motion is denied, the finality of the judgment is restored; if granted, a new final judgment is entered. In either case the judgment is subject to appeal, and the time for appeal commences to run from the entry of

The district court erred in entering both the May 27, 1975 and October 28, 1975 orders.[4] In both instances, the court went beyond the stipulations of the parties. The record indicates that in regard to the May 27th order, only the barest outlines of an agreement had been reached by the parties. The parties were to finalize the agreement on the following day. In regard to the October 28th order, there was no agreement whatsoever.

A stipulation is an agreement between counsel respecting matters before the court. Its validity is predicated upon both parties' agreement to its terms. An attempted stipulation is ineffective when it is clear from the record that the parties never assented to it. *Palmer v. Long Beach,* 33 Cal.2d 134, 199 P.2d 952 (1948); 73 Am.Jur.2d Stipulations § 4 (2d ed. 1974). The record of the proceedings before the district court respecting the May 27th order reveals that the Hebdons' counsel never gave his unconditional assent to the dismissal of the Hebdons' foreclosure action. When asked by the court whether he agreed to the terms of the compromise of the foreclosure action, he stated:

> "As I understand it, this is the general outline, although somewhat specific, it is the general outline of the matters to be settled tomorrow morning at 10:00 A.M. and with the understanding the details will be submitted at that time I will stipulate to the matter. * * * "

Because of the intervention of the purported judgment lien, the anticipated final agreement between the parties was never realized. The district court erred in its attempt to atone for this failure. As to the October 28th order, the record establishes that it was initiated by the district court, the parties being totally unaware of its terms.

The net result of this appeal is that the Hebdons are entitled to have their foreclosure action reinstated. We remand for that purpose. Whatever rights the Neibaurs and Van Tassells have in the property subject to foreclosure will be determined in that suit.

No costs allowed.

McFADDEN, C. J., BEEBE, District Judge, and SCOGGIN, District Judge, retired, concur.

BAKES, Justice, concurring specially:

I agree with the majority opinion that the district court erred in entering both the May 27, 1975, and the October 28, 1975, orders, and that the interpleader action in which Neibaurs and Van Tassells had asserted their cross-claims against each other was erroneously dismissed upon the incorrect assumption that the matter had been fully compromised. The Court further holds that "whatever rights the Neibaurs and Van Tassells have in the property subject to foreclosure will be determined in that [the foreclosure action filed by the Hebdons which the Court reinstates] suit." *Ante* at 283. Thus, it seems that the Neibaurs and Van Tassells will be able to assert in that foreclosure action not only

---

the court's order. 6A Moore's Federal Practice § 59.15[4] (2d ed. 1975).

**4.** The Van Tassells have contended in each of their appeals and in their motion for relief under Rule 60(b)(4) that the May 27, 1975 and October 28, 1975 orders are void. Those orders are not void. In order for a judgment to be void, there generally must be some jurisdictional defect in the court's authority to enter the judgment, either because the court lacks personal jurisdiction or because it lacks jurisdiction over the subject matter of the suit. 7 Moore's Federal Practice § 60.25[2] (2d ed. 1975). In the case at bar, the district court had both in personam and subject matter jurisdiction, so its judgments were valid. Whether

they constituted error is another matter. The district court did not err in denying the Van Tassells' 60(b)(4) motions.

We also note at this time that the district court did not err in denying the Van Tassells' 60(b)(5) motion. That rule provides that a party can obtain relief from judgments when "it is no longer equitable that the judgment should have prospective application". Rule 60(b)(5) is designed to provide relief from orders such as an injunction that have *prospective* application. 7 Moore's Federal Practice § 60.26[4] (2d ed. 1975). The challenged orders in the present case did not have a prospective application. *The rule is therefore inapplicable.* 7 Moore's Federal Practice § 60.26[4] (2d ed. 1975).

their interest in the property, but also their claims against one another under the so-called compromise and settlement which prompted the trial court to dismiss their claims with prejudice. However, since it is fairly obvious from the record that there may never have been a meeting of the minds on that compromise and settlement agreement, the parties will of necessity have to go back to the underlying claims behind their various positions in order to explain what that compromise and settlement was all about. Therefore, as a practical matter, they are right back where they started, and this whole matter is going to have to be relitigated in the Hebdon foreclosure action.