649 P.2d 389

STATE of Idaho, Plaintiff-Appellant,

v.

Jean GOODRICH, aka Jeannie Goodrich, Defendant-Respondent.

No. 13558.

Court of Appeals of Idaho.

Aug. 3, 1982.

Petition for Review Granted Oct. 12, 1982.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-appellant.

William G. Walker, Tucson, Ariz., R. Don Bistline, Pocatello, for defendant-respondent.

WALTERS, Chief Judge.

This is an appeal by the state from an order denying a motion to dismiss an application for post-conviction relief. The motion also requested setting aside an earlier order granting post-conviction relief. We affirm the order denying the motion.

Jean Goodrich was found guilty of second degree murder, but her judgment of conviction was reversed by the Idaho Supreme Court. *State v. Goodrich*, 97 Idaho 472, 546 P.2d 1180 (1976). A retrial was commenced. After the state had presented part of its case, Goodrich changed her plea to guilty. Pursuant to an apparent plea bargain, she was sentenced to custody of the Board of Corrections for an indeterminate period not exceeding ten years.

After serving approximately two years of her sentence, she filed a "Petition for Writ of Habeas Corpus," requesting the district court to set aside the guilty plea because it was entered involuntarily and in violation of her constitutional rights. The case was assigned to a judge who had not been involved in any of the previous proceedings concerning Goodrich. Upon application of the state, the judge examined the petition and held that it should be treated as an application for post-conviction relief. *See* I.C. §§ 19–4901—19–4911.

The district court determined that Goodrich's plea had not been made freely, volun-

tarily, or with knowledge of the consequences attending the plea. Her application for post-conviction relief was granted, and her guilty plea was set aside. She subsequently reinstated her former plea of not guilty, and was released on bond pending another trial.

The state filed a motion to set aside the district court's order granting relief, and to dismiss the application for post-conviction relief. This motion merely questioned the validity of the application because it did not contain a verification as required by I.C. § 19–4902. The district court held the verification to be unnecessary because Goodrich's application relied solely upon certified transcripts of prior court proceedings. The court then denied the motion to dismiss. Rather than proceeding with a new trial, the state filed this appeal.

▬ I.A.R. 17(e) requires that a notice of appeal contain "a designation of the judgment, order or decree appealed from." The state filed a notice of appeal, followed by an amended notice. Both notices designated only that the appeal was taken from the district court order denying the state's motion—made after the application for post-conviction relief had been granted—to dismiss the application for lack of verification. In its argument on appeal, the state has also, invited this court to review the order of the district court granting post-conviction relief. We decline to do so. An appeal from a final judgment or order—i.e., a judgment or order dispositive of a case, *Idah-Best, Inc. v. First Security Bank*, 99 Idaho 517, 584 P.2d 1242 (1978)—allows review of other orders which are either interlocutory, or entered after the appeal was filed. I.A.R. 17(e). Here the order granting post-conviction relief was neither interlocutory nor entered after the appeal was filed. It was a dispositive order, deciding the merits of the post-conviction relief application. In its notice of appeal the state did not designate that the appeal was taken from that order.

In contrast, the subsequent order denying the motion to dismiss for lack of verification was a non-dispositive order, entered after the final order adjudicating the subject matter of the controversy. *Idah-Best, Inc., supra.* We hold that a notice of appeal, which designates such a subsequent order alone, does not invoke appellate review of the prior, dispositive, order. *See Wheeler v. McIntyre*, 100 Idaho 286, 596 P.2d 798 (1979). To hold otherwise would defeat the designation requirement of I.A.R. 17(e), and would create uncertainty about the finality of dispositive judgments or orders from which no appeal has been taken. We therefore limit our review to the question raised by the order appealed from—whether the petition for post-conviction relief should have been dismissed for lack of verification.

▬ We agree with the district court that the absence of a verification was not grounds for dismissal of the application in this case. First, the document filed by Goodrich was prepared and submitted as a petition for habeas corpus; it was the court which, at the request of the state, deemed the document to be an application for post-conviction relief, *after* it had been filed by Goodrich. Secondly, and as the court below correctly held, there was nothing in the petition that Goodrich was required to verify. Idaho Code § 19–4902 requires verification of applications for post-conviction relief to the extent that "[f]acts within the personal knowledge of the applicant and the authenticity of all documents and exhibits included in or attached to the application must be sworn to affirmatively as true and correct." The application was based upon the record of court proceedings wherein Goodrich had pled guilty. Such being the case, the lack of verification was not fatal to the application nor did it deprive the court of jurisdiction to investigate the matters alleged therein. We hold it was not error to deny the motion to dismiss.

Accordingly, the order appealed from is affirmed.

BURNETT and SWANSTROM, JJ., concur.