660 P.2d 934

STATE of Idaho, Plaintiff-Appellant,

v.

Jean GOODRICH, aka Jeannie Goodrich, Defendant-Respondent.

No. 14783.

Supreme Court of Idaho.

March 10, 1983.

---

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-appellant.

R. Don Bistline, Pocatello, William G. Walker, Tucson, Ariz., for defendant-respondent.

BAKES, Justice.

The state appeals the trial court's denial of a motion to overturn the court's previous order, which set aside the respondent's guilty plea to second degree murder. The case was assigned to the Idaho Court of Appeals. That court affirmed the district court in an opinion issued August 3, 1982, *State v. Goodrich,* 103 Idaho 430, 649 P.2d 389 (Ct.App.1982). This Court granted a petition to review the Court of Appeals decision. We reverse.

On October 17, 1973, respondent shot and killed her ex-husband, Brent Goodrich, who was staying at her house at the time. On January 23, 1974, she was charged with second degree murder. She was tried before a jury and convicted on May 25, 1974, and sentenced to life in prison.

Respondent's conviction was overturned on appeal by this Court in *State v. Goodrich,* 97 Idaho 472, 546 P.2d 1180 (1976), and the case was remanded for retrial. A second trial commenced on August 8, 1977, but on August 15, 1977, the respondent changed her plea to guilty. The trial judge accepted her plea and sentenced her to ten years in prison.

On April 17, 1979, respondent petitioned for a writ of habeas corpus. The trial court properly treated this as an application for post conviction relief. *Still v. State,* 95 Idaho 766, 519 P.2d 435 (1974); *Dionne v. State,* 93 Idaho 235, 459 P.2d 1017 (1969). The state then moved for summary judgment. The trial court denied the state's motion and summarily entered an order on August 14, 1979, granting the application for post conviction relief. Three days later, on August 17, 1979, the state filed a motion to set aside the trial court's order and dismiss the petition. The motion

stated, as grounds for the relief requested, that "the Court lacked jurisdiction in the matter inasmuch as verification requirements of the Uniform Post-Conviction Procedure Act, Idaho Code § 19–4902, were not complied with by the Petitioner . . . ." The trial court, on *September 10, 1979,* denied the state's motion. In that order the trial court ruled that the lack of verification of the application had not deprived it of jurisdiction and denied the motion. The state then filed a notice of appeal on October 16, 1979, and an amended notice of appeal on October 25, 1979.

The appeal was assigned to the Court of Appeals which ruled that since I.A.R. 17(e) requires a notice of appeal to contain a designation of the order appealed from, and the state's notice of appeal (and amended notice) only designated an appeal from the September 10, 1979, order, that was the only order they could review. Thus, the only question that the Court of Appeals felt was presented for review was whether an application for post conviction relief must be verified. They ruled that it need not be verified, and affirmed the district court.

An action under the Uniform Post Conviction Procedure Act is civil in nature. Idaho Const. Art. 5, § 1; *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969); *Tramel v. State,* 92 Idaho 643, 448 P.2d 649 (1968). Thus, the Idaho Rules of Civil Procedure are applicable in such a proceeding. The August 17 motion, made within ten days of the August 14 order, should have been treated as a motion to alter or amend the judgment under I.R.C.P. 59(e)[1] regardless of the title assigned to it by the state. *First Security Bank. v. Neibaur,* 98 Idaho 598, 570 P.2d 276 (1977); *Obray v. Mitchell,* 98 Idaho 533, 567 P.2d 1284 (1977). Rule 59 is a mechanism "designed to allow the trial court either on its own initiative or on motion by the parties to correct errors both of fact and law that had occurred in its proceedings." *First Security Bank v. Neibaur, supra* at 603. Thus, the state was, by

filing such a motion, asking the trial court to reconsider its August 14 order. The trial court was thus incorrect in limiting itself to consideration of only the grounds presented in the August 17 motion. It is also a well settled rule that a timely motion to alter or amend a judgment tolls the time for appeal from the order until a ruling is made on the motion to alter or amend it. *See First Security Bank v. Neibaur, supra.* Thus, the filing of the notice of appeal on October 16, 1979, was within the 42-day appeal time from the entry of the order dated September 10, 1979, denying the state's motion. The issue then is whether the notice of appeal, which stated that the appeal was taken from the order of September 10, 1979, was sufficient to permit review of the order dated August 14, 1979. The Court of Appeals, in concluding that it was not, interpreted I.A.R. 17(e), stating:

> "An appeal from a final judgment or order—i.e., a judgment or order dispositive of a case . . .—allows review of other orders which are either interlocutory, or entered after the appeal was filed. I.A.R. 17(e). Here the order granting post-conviction relief was *neither interlocutory nor entered after the appeal was filed.* It was a dispositive order, deciding the merits of the post-conviction relief application. In its notice of appeal the state did not designate that the appeal was taken from that order." (Emphasis added.) *State v. Goodrich,* 103 Idaho at 431, 649 P.2d at 390.

The emphasized language demonstrates clearly that the Court of Appeals felt that Rule 17(e), as then in effect, only incorporated pre-notice of appeal *interlocutory* orders, or orders entered after the appeal was filed. Since the August 14 order was neither an interlocutory order nor an order entered after appeal, the Court of Appeals concluded that it could not review that order on an appeal taken only from the September 10 order.

---

1. "RULE 59(e). MOTION TO ALTER OR AMEND A JUDGMENT.—A motion to alter or amend the judgment shall be served not later than ten (10) days after the entry of the judgment."

■ The Court of Appeals apparently failed to note that I.A.R. 17(e), as it read at the time these orders were entered, did not include the word "interlocutory."[2] The version of I.A.R. 17(e), as effective on July 1, 1979, but before being amended effective July 1, 1980, read as follows:

"RULE 17. NOTICE OF APPEAL—CONTENTS.—A notice of appeal shall contain substantially the following information:

. . . .

"(e) Designation of Appeal. A designation of the judgment, order or decree appealed from. An appeal from a final judgment or order shall be deemed to include, and present on appeal, all judgments, orders and decrees in the action or proceeding, including those entered after the filing of the notice of appeal."

Thus, under I.A.R. 17(e) in effect on September 10, 1979, an appeal from a final order entered in this case, *i.e.,* the September 10 order, would include an appeal from "all judgments, orders and decrees in the action or proceeding. . . ." Thus, the notice of appeal designating an appeal from the September 10 order, presented for appeal all orders entered in the action, including the August 14 order. Since the state's appeal properly included the trial court's August 14, order, we must now review that order to determine if it was correct.

■ We note first that the order, granting post conviction relief to respondent, was summarily granted, without an evidentiary hearing.

I.C. § 19–4906[3] provides the procedure by which a summary judgment may be entered in a proceeding under the act. How-ever, such a summary disposition must be made only when there are no genuine issues of material fact. I.C. § 19–4906(c). If an issue of material fact exists, then an evidentiary hearing must be held under I.C. § 19–4907.

Numerous factual disputes exist in the present case. First, respondent alleged the existence of false, perjured testimony at her trial induced her guilty plea. Whether there was false testimony, and whether that induced her guilty plea so as to make it involuntary, is a question of material fact that should be resolved only after an evidentiary hearing. Additionally, respondent alleged that she was never informed of her constitutional rights which she waived by pleading guilty, as required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). She alleged she was not informed of the intent element present in a charge of second degree murder, and that she was not properly informed of the consequences of her plea, including possibilities of parole. Respondent's knowledge of her rights, and her knowing, intelligent and voluntary waiver of her rights, were all contested issues of fact requiring an evidentiary hearing to resolve. It was error for the trial court to grant the petition, since there were questions of material fact present.

We reverse and remand this case with instructions to the trial court to hold an evidentiary hearing to determine whether respondent's guilty plea was entered knowingly and voluntarily.

The trial court's order of August 14, 1979, is reversed and set aside, and the cause

---

**2.** Rule 17, as it reads now:

"RULE 17. NOTICE OF APPEAL—CONTENTS.—A notice of appeal shall contain substantially the following information:

. . . .

"(e) Designation of Appeal. A designation of the judgment, order or decree appealed from. An appeal from a final judgment or order shall be deemed to include, and present on appeal, all interlocutory judgments, orders and decrees in the action or proceeding, including all orders, judgments and decrees entered after the filing of the notice of appeal."

**3.** "19–4906. PLEADINGS AND JUDGMENT ON PLEADINGS.— . . .

"(c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."

 

remanded for further proceedings consistent with this opinion.

DONALDSON, C.J., SHEPARD, J. and McFADDEN and McQUADE, JJ. Pro Tem., concur.