**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51882**

| | |
|---|---|
| NICOLE CHRISTINE SMITH, | ) |
| | ) **Filed: December 9, 2025** |
| Petitioner-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JASON KELLEY SMITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Rosemary Emory, District Judge. Hon. Casey U. Robinson, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming decree of divorce, <u>affirmed</u>.

Jason Kelley Smith, Eloy, Arizona, pro se appellant.

Nicole Christine Smith, Ogden, Utah, respondent, did not participate on appeal.
_____

LORELLO, Judge

Jason Kelly Smith appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming a divorce decree. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Jason and Nicole Christine Smith were married. In 2022, Nicole filed a petition for divorce, citing irreconcilable differences. Jason filed a response contending that, in his opinion, the parties' marriage was reconcilable. The magistrate court scheduled a trial. Jason also filed a stipulation that only he signed. At a hearing prior to trial, the magistrate court inquired about the stipulation and the parties' intentions going forward. Ultimately, both parties indicated they were prepared to proceed to trial. The day before trial, a second stipulation was filed--signed by both

1

parties--agreeing that irreconcilable differences existed and that dissolution of the marriage was appropriate. Nicole attended the trial in person while Jason, who is serving a prison sentence in Arizona, appeared by phone. The magistrate court inquired about the second stipulation. Jason confirmed he signed the second stipulation but indicated he was unaware Nicole intended to file it. He also objected to appearing at trial by phone and stated he wanted to participate by video. After some discussion, the magistrate court explained that it could either accept the second stipulation or proceed to trial at that time. Ultimately, the parties asked the magistrate court to accept the second stipulation. As a result, the magistrate court entered the divorce decree. Jason appealed to the district court, which affirmed. Jason again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Jason argues the district court erred in affirming the divorce decree because the magistrate court violated his "right to be present" at trial by "forcing [him] to appear by phone instead of video." Jason also asserts the magistrate court abused its discretion by accepting "a coerced stipulation for divorce" because he did not agree that irreconcilable differences were grounds for divorce. We hold that Jason has waived his claims on appeal and that he has failed to show the district court erred in affirming the magistrate court.

### A.     Presence at Trial

The essence of due process is the right to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *State, Bureau of Child Supp. Servs. v.*

2

*Garcia*, 132 Idaho 505, 510, 975 P.2d 793, 798 (Ct. App. 1999). It is well established that prisoners have a constitutional right to access the courts for purposes of directly or collaterally challenging their convictions or sentences or the conditions of their confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Martinez v. State*, 130 Idaho 530, 535, 944 P.2d 127, 132 (Ct. App. 1997). However, this does not mean that an inmate has an absolute right to be personally present at trial in civil litigation. *Garcia*, 132 Idaho at 510, 975 P.2d at 798. Rather, due process is a flexible constitutional principle and calls for such procedural protection as the particular situation demands. *Mathews*, 424 U.S. at 334. This Court has held that, in civil cases unrelated to the prisoner's conviction, due process requires that a trial court weigh the prisoner's interest in being present at trial against the State's interest in maintaining the prisoner's confinement. *Garcia*, 132 Idaho at 510, 975 P.2d at 798. The United States Supreme Court has identified three factors to consider in determining the specific due process requirements applicable in a particular circumstance: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) the State's "interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

At trial, Nicole appeared in person, while Jason appeared by phone because he is incarcerated in Arizona. After the magistrate court asked the parties how they wanted to proceed, Jason asked to speak with Nicole privately to "straighten things out." The magistrate court explained that it could not force Nicole to speak with him and that it could either accept the second stipulation or proceed to trial. In response, Jason objected to attending the trial by phone and indicated he wanted to participate by video. According to Jason, appearing by phone prejudiced him because he was unable to interpret "social queues [sic]." The magistrate court disagreed and reiterated that it could either accept the second stipulation or the parties could proceed to trial. Ultimately, the parties asked the magistrate court to accept the second stipulation.

Jason appealed, asserting the magistrate court violated his rights by refusing to allow him to appear by video at trial. The district court disagreed and concluded that, although Jason cited "general case law regarding prisoner access to courts," he failed to cite "any specific authority that supports his position that he should have been allowed to appear by video" or that it was reversible

3

"error to only allow telephone access." The district court also determined that Jason failed to demonstrate "it was an abuse of discretion for the magistrate [court] to allow Jason access by phone rather than video." The district court further noted that "no testimony was presented at the hearing, rather the [magistrate] court made inquiries relative to whether there was a stipulation or if there would be a court trial." Because Jason "ultimately agreed that the [magistrate] court could accept the stipulation, even if he did so reluctantly," the district court concluded that he "failed to demonstrate reversible error."

On appeal to this Court, Jason argues the district court erred in affirming the magistrate court, contending the magistrate court abused its discretion when it refused his request to appear at trial by video. According to Jason, excluding "a party from the court room, even partially by restricting senses," violates due process. Jason complains that "forcing [him] to appear by phone" violated his "right to be present" at trial--a right he maintains he did not waive. The record does not support Jason's assertions. Contrary to Jason's argument, the record establishes that he waived his right to trial when he signed the second stipulation and approved the magistrate court's acceptance of the stipulation in lieu of proceeding to trial. The second stipulation specifically provides that the parties waived their rights to appear in court to present testimony. The second stipulation further provides that the parties requested the magistrate court enter the divorce decree without a hearing and the parties waived "entry of findings of fact and conclusions of law." Moreover, Jason has failed to cite any specific authority in support of his argument that he should have been allowed to appear by video or that it was reversable error to only allow phone access. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Consequently, Jason has waived this issue on appeal.

B.    **Second Stipulation**

Stipulations for the settlement of litigation are regarded with favor by the courts and will be enforced unless good cause to the contrary is shown. *Conley v. Whittlesey*, 126 Idaho 630, 634, 888 P.2d 804, 808 (Ct. App. 1995). The validity of a stipulation or agreement regarding matters before the court is predicated upon both parties' agreement to its terms. *First Sec. Bank of Idaho v. Neibaur*, 98 Idaho 598, 605, 570 P.2d 276, 283 (1977). A stipulation is ineffective when it is clear from the record that the parties never assented to it. *Id*.

4

At trial, the magistrate court asked about the second stipulation. Jason confirmed he had signed it but stated he was unaware Nicole intended to file it. Jason also alleged that no irreconcilable differences existed in their marriage because he thought reconciliation was a possibility because that is what he wanted. The magistrate court explained that it could either accept the second stipulation or proceed to trial. The following exchange took place:

[JASON]:         I don't think there's irreconcilable differences. We've been working this out all this time until I got transferred to Arizona, and then things got really difficult.

THE COURT:      Well, let's put evidence on about the grounds for divorce, and then we'll go from there.

[JASON]:         And that's why I want to talk to her privately, because this should be a private decision of why--

THE COURT:      It's not a decision. It's a trial.

[JASON]:         Nicole, do you want me to accept the stipulation or just go to trial?

[NICOLE]:        I'm already here. We either have to take it and do a hearing or do a trial, and I'm already here. I work full time. I'm already here. Let's do this.

[JASON]:         I know, and I'm asking if you want me to accept the stipulation or not?

[NICOLE]:        You already did, so let's take it to trial.

THE COURT:      [Nicole], do you want me to sign the agreed upon stipulation?

                 [Jason], if she says yes, I'll sign that. If not, we'll have a trial.

[JASON]:         Okay.

[NICOLE]:        Yes.

THE COURT:      So she wants me to sign that agreed upon stipulation. Do you understand that, [Jason]?

[JASON]:         Yes, I do.

THE COURT:      And from the feeling I got from your question to her was if she wanted that, then you were good with that--is that right?--that you would agree to it? Not good with it, but agree to it?

[JASON]:         Yep.

THE COURT:      Okay. I will sign that and we'll send you your copy. Okay?

[JASON]:         All right [sic].

THE COURT:      Thanks.

[JASON]:         Thank you, Your honor.

THE COURT:      We'll be in recess.

On intermediate appeal to the district court, Jason argued the magistrate court abused its discretion when it accepted the second stipulation. Jason contended the second stipulation was

5

"unconscionable," "one-sided," and "oppressive." Jason also argued the magistrate court erred because it "did not make substantive findings of fact" and asked the district court to remand the case so the magistrate court could either make findings or hold a court trial. The district court noted that the magistrate court "accepted the stipulation of the parties," which "was signed by Nicole and Jason with both parties certifying under penalty of perjury that the 'foregoing is true and correct.'" The district court also noted that the stipulation "waived the parties' right to appear personally in court to present testimony" and "asked the [magistrate] court to enter the decree without a hearing." In addition, the stipulation indicated the parties agreed to "waive entry of findings of fact and conclusions of law." The district court relied on Jason's acknowledgement that "he signed the stipulation and did agree that the magistrate [court] should accept it, albeit reluctantly." As a result, the district court concluded that Jason's arguments were "without merit" and that he "failed to demonstrate the magistrate [court] abused [its] discretion in accepting the stipulation." The district court, therefore, affirmed the magistrate court.

On appeal to this Court, Jason argues the district court erred in affirming the divorce decree. Specifically, Jason asserts the magistrate court abused its discretion by accepting the second stipulation because he "was coerced and forced to choose between an unfair trial or agree[ing] to the [second] stipulation." According to Jason, because he expressed his belief that the marriage was reconcilable, there was "no valid ground to warrant a divorce." We disagree. Contrary to Jason's arguments, the record shows that he signed the second stipulation and ultimately agreed to the magistrate court accepting the stipulation. That Jason "has repeatedly declared that he believed the marriage is reconcilable and wanted marriage counseling every chance he had" does not mean he was coerced into signing the stipulation, nor does it render the stipulation unconscionable. A divorce sought on grounds of irreconcilable differences allows courts to "grant either spouse a divorce without assigning fault to either of the parties." 24 AM. JUR. 2D *Divorce & Separation* § 2, Westlaw (database updated Nov. 2025). Additionally, a party in a properly pled "no fault divorce" may "not contest the grounds for the divorce and claim that the relationship is not irretrievably broken." *Id*. Moreover, Jason cites no specific authority supporting his assertion that his belief the marriage was reconcilable precluded the magistrate court from accepting the second stipulation. A party waives an issue on appeal if either authority or argument is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Consequently, Jason has waived this issue on appeal.

6

**IV.**

**CONCLUSION**

Because Jason failed to support his arguments with citation to authority, he has waived those arguments on appeal. Jason has, therefore, failed to show any error in the magistrate court's entry of the divorce decree. Jason has likewise failed to show the district court erred in affirming the magistrate court. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming the divorce decree is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.