928 P.2d 46

**J.P. STRAVENS PLANNING
ASSOCIATES, INC.,
Plaintiff–Appellant,**

v.

**CITY OF WALLACE, Defendant–
Respondent.**

No. 22069.

Court of Appeals of Idaho.

Dec. 4, 1996.

Kenneth S. Bridgeman, Coeur d'Alene, for plaintiff–appellant.

Hollis J. Anderson, Wallace, for defendant–respondent.

LANSING, Judge.

J.P. Stravens Planning Associates, Inc. (Stravens) appeals from the district court's judgment in favor of the City of Wallace in Stravens' action for payments alleged to be due under a personal services contract. We affirm.

## I.

## FACTS

In January 1990, Stravens entered into a written contract with the City of Wallace to render services related to the design of a proposed downtown revitalization project, the preparation of an application for a grant to finance the project, and the management of the project construction. The contract provided that Stravens was to bill the city "on a time and expense basis" with the first billing payable on submission of a grant application. In May 1990, Stravens submitted a grant application to the Idaho Department of Commerce (DOC) and began to bill the city. However, the grant request was rejected by the DOC because of inadequacies in the application. From May 1990 forward, Stravens sent monthly bills for its services to the city, but the city made no payments.

In August 1990, Stravens submitted a second grant application to the DOC which also was rejected. The city's mayor became concerned and contacted the DOC to inquire why the second application had not been approved. The program manager of the DOC's block grant program responded with a letter stating that the application was unacceptable on its face "because major sections of information were not addressed." The missing information included a "local economic analysis" of the city's downtown area, a "plan of action identifying the who, what, where, when and how to accomplish downtown revitalization" and a "list of accomplishments and the community's progress in implementing the plan." The city continued to refuse to pay amounts billed by Stravens for services rendered. After negotiations to settle the dispute failed, Stravens filed this action seeking damages for breach of contract.

The case was tried before the district court sitting without a jury. The court ruled in favor of the city on alternate grounds. The court first held that Stravens' claim for breach of contract was barred because Stravens did not give timely notice of its claim as required by I.C. §§ 6–906 and 50–219. In the alternative, the court held that the city was excused from its contractual obligation to pay for Stravens' services because Stravens had breached an implied warranty to perform the services called for by the contract in a workmanlike manner. On appeal, we find the second basis for the trial court's decision to be dispositive, and we therefore do not determine whether Stravens complied with the notice requirements of I.C. §§ 6–906 and 50–219.

## II.

## ANALYSIS

### A. Breach of Contract

The implied warranty of workmanlike performance was discussed in *Hoffman v. Simplot Aviation, Inc.*, 97 Idaho 32, 36, 539 P.2d 584, 588 (1975), as follows:

> In circumstances involving personal services ... the warranty is implied that the services will be performed in a workmanlike manner. The standard imposed may vary depending upon the expertise of the actor, either possessed or represented to be possessed, the nature of the services

and the known resultant danger to others from the actor's negligence or failure to perform.

Stravens makes no argument that this standard does not apply to its performance under the contract. It asserts, however, that the trial court erred in finding that Stravens breached the warranty in this case. Specifically, Stravens contends that the grant applications it prepared were rejected due to factors that were beyond its control, including a lack of preparatory actions by, and commitment of funding from, the city itself.

When an action has been tried to a court sitting without a jury, appellate review is limited to ascertaining whether the evidence supports the trial court's findings of fact and whether these findings support the court's conclusions of law. *Morris v. Frandsen,* 101 Idaho 778, 780, 621 P.2d 394, 396 (1980). The findings of fact of the trial court will be accepted if they are supported by substantial, competent evidence, though that evidence may be controverted. *Sun Valley Shamrock Resources, Inc., v. Travelers Leasing Corporation,* 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990); *Rueth v. State,* 103 Idaho 74, 77, 644 P.2d 1333, 1336 (1982). The task of weighing evidence is within the province of the trial court, and we therefore accord great deference to the trial judge's opportunity to weigh conflicting testimony and to assess the credibility of witnesses. *Rueth, supra; PFC, Inc. v. Rockland Telephone Co., Inc.,* 121 Idaho 1036, 1038, 829 P.2d 1385, 1387 (Ct.App.1992). It follows that this Court will view the evidence in the light most favorable to the prevailing party. *Rueth, supra; Martsch v. Nelson,* 109 Idaho 95, 100, 705 P.2d 1050, 1055 (Ct.App.1985).

In this case, the district court set out its findings and conclusions in a memorandum decision. The district court found that before contracting with Stravens the city wished to revitalize its downtown area, that the city knew that funding was available somewhere but knew nothing about how to obtain a grant, that Stravens held itself out to the city as a skilled "grant writer," and that the city thus contracted with Stravens to identify funding sources and to submit an application for a grant from these yet undetermined sources. Most importantly, the court found that although Stravens attempted to lay the blame for the rejection of the applications on a lack of commitment from the city, the responsibility for the inadequate applications ultimately lay with Stravens. In the words of the district court:

> The City was not entitled to guarantee [sic] of successful application much less perfection. It was entitled, however, to expect that plaintiff, a professional grant writer, would be sufficiently versed with the applicable standards and rule [sic] of the craft so as to be able to advise the city as to what it needed to do, if indeed it needed to do anything, and in any event to do what was necessary to present an application that would at least meet minimum standards so as to entitle the city for [sic] mere consideration. The record shows that the application prepared by plaintiffs did not meet such standard. Plaintiff attempts to lay this off to some vaguely defined "lack of community commitment," but it was his responsibility under the obligation of the contract relating to "the design" of the revitalization project to manage the presentation in at least a sufficient manner to put the application on the table.

The essence of the district court's findings is that the city was relying upon Stravens' expertise for the project design and the coordination of the grant application process, and that if the grant from the DOC was dependant upon the commitment of funds from or action by the city or other sources, it was Stravens' duty to inform and advise the city of these facts so that the requisite action could be taken prior to the submission of grant applications. These findings are supported by evidence presented at trial, including the contract itself which specified that Stravens would "design" the revitalization project, "prepare preliminary scope of project," develop a "preliminary project program and identify funding sources," and "design the Local Improvement District."

In challenging the court's finding that Stravens failed to perform these obligations, Stravens relies upon the testimony of DOC's block grant program manager. This witness

said that grant applications often go through a process of submittal, rejection, rewriting to satisfy any shortcomings noted by the DOC, and resubmittal before approval is given. However, the chief executive officer of Stravens admitted at trial that it was Stravens' obligation to inform the city of this common practice and that it had not done so. Moreover, even the second grant application submitted by Stravens was so incomplete that the DOC deemed it unworthy of any consideration. Trial evidence indicates that the city was essentially left uninformed and without advice as to what it should be doing, knowing only that its hired expert had submitted two grant applications that did not meet the minimum standards necessary even to merit consideration by the granting authority. The district court's findings regarding the scope of Stravens' contractual obligations and its breach of those obligations are supported by substantial and competent evidence.

█ Stravens also argues that the district court erred in relieving the city of its obligation to pay Stravens because the city did not show that it was damaged by Stravens' breach of warranty or, if damaged, the amount of such damages. Stravens' argument evidences a misunderstanding of the city's position and of governing contract law. The city did not seek an affirmative recovery against Stravens; it sought only a judgment relieving the city of any obligation to pay Stravens' claimed fees.[1] Therefore, the city had no need to prove damages.

█ The more appropriate inquiry is whether Stravens' failure to perform in a workmanlike manner was a "material" breach of the contract. If a breach of contract is material, the other party's performance is excused. *Ervin Const. Co. v. Van Orden*, 125 Idaho 695, 700, 874 P.2d 506, 511 (1993); *Enterprise, Inc. v. Nampa City*, 96 Idaho 734, 740, 536 P.2d 729, 735 (1975); *Ujdur v. Thompson*, 126 Idaho 6, 878 P.2d 180 (Ct.App.1994); *Mountain Restaurant Corp. v. ParkCenter Mall Associates*, 122 Idaho 261, 265, 833 P.2d 119, 123 (Ct.App. 1992). "A substantial or material breach of contract is one which touches the fundamental purpose of the contract and defeats the object of the parties in entering into the contract." *Ervin Const. Co.*, 125 Idaho at 699, 874 P.2d at 510. *See also Enterprise, Inc.*, 96 Idaho at 740, 536 P.2d at 735; *Ujdur*, 126 Idaho at 9, 878 P.2d at 183. A breach of contract is not material if substantial performance has been rendered. *Mountain Restaurant Corp.*, 122 Idaho at 265, 833 P.2d at 123. Substantial performance is performance which, despite a deviation from contract requirements, provides the important and essential benefits of the contract to the promisee. *Id.* Whether a breach of contract is material is a question of fact. *Ervin Const. Co.*, 125 Idaho at 700, 702, 874 P.2d at 511, 513.

█ On appellate review the trial court's findings of fact are liberally construed in favor of the judgment entered. *Sun Valley Shamrock Resources, Inc., supra; Rueth, supra.* Here, it is clear from the totality of the trial court's findings, including those quoted above, that the court found Stravens' breach to be one that went to the heart and fundamental purpose of the contract and was therefore material. The trial record supports this finding. Therefore, the district court properly held that the city's duty to pay under the contract was excused.[2]

## B. Award of Costs

Lastly, Stravens asserts that the district court should not have awarded costs to the city because the memorandum of costs was untimely.

---

1. The city bears some responsibility for Stravens' confusion on this point. Curiously and inappropriately, the city pleaded its breach of warranty defense as a "counterclaim," even though the city did not allege entitlement to recover any damages from Stravens. Rather, this counterclaim pleaded, "that due to the breach of contract by [Stravens], no monies should be owing to [Stravens] by the City of Wallace." When a party mistakenly designates a defense as a coun-

terclaim, the court should treat the pleading as if there had been a proper designation. I.R.C.P. 8(c). The trial court did so here.

2. Stravens has not argued, either before the trial court or on appeal, that it was entitled to partial payment for any components of the contract that it competently performed.

The judgment in favor of the city was entered on August 30, 1994. On September 12, 1994, Stravens served by mail its motion to alter or amend the judgment pursuant to I.R.C.P. 59(e). This motion was ultimately denied, but while it was pending, on November 17, 1994, the city filed a memorandum of costs and attorney fees pursuant to I.R.C.P. 54(d) and (e). Stravens urged that the city's memorandum of costs and fees was untimely because it was not filed within fourteen days after entry of judgment as required by I.R.C.P. 54(d)(5).[3] The district court held that by virtue of Stravens' filing a timely motion to alter or amend the August 30 judgment, the finality of that judgment was suspended, and therefore the time period for filing a memorandum of costs had not expired when the city's memorandum was filed. The district court disallowed the city's request for attorney fees but awarded a portion of costs sought by the city. Stravens contests the district court's decision on the timeliness issue.

■ The question presented is whether Stravens' timely motion to alter or amend the August 30 judgment tolled the period for submission of a cost memorandum under I.R.C.P. 54(d)(5). There is no doubt that a timely motion under Rule 59(e) for relief from a judgment tolls the time for an *appeal* from the challenged judgment, for Idaho Appellate Rule 14(a) provides:

> The time for an appeal from any civil judgment, order or decree in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action (except motions under Rule 60 of the Idaho Rules of Civil Procedure or motions regarding costs or attorney fees), in which case the appeal period for all judgments, orders and decrees commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

Prior to adoption of I.A.R. 14, the Idaho Supreme Court described the effect on the finality of a judgment of a motion under I.R.E. 59(e) to alter or amend that judgment:

> [A] timely motion under Rule 59(e) to alter or amend a judgment, unlike a Rule 60(b) motion, suspends the finality of the judgment and tolls the time for taking an appeal. If the motion is denied, the finality of the judgment is restored; if granted, a new final judgment is entered. In either case the judgment is subject to appeal, and the time for appeal commences to run from the entry of the court's order. 6A Moore's Federal Practice § 59.15[4] (2d ed.1975).

*First Security Bank v. Neibaur*, 98 Idaho 598, 604–05 n. 3, 570 P.2d 276, 282–83 n. 3 (1977).

While it is thus clear that the time for an appeal is suspended by a Rule 59(e) motion, the parties have cited, and we have found, no authority as to whether a Rule 59(e) motion filed by an opposing party similarly suspends the period for the filing of a cost bill following the entry of a judgment.[4] We note, however, that I.R.C.P. 54(a) defines "judgment" as "a decree and any order *from which an appeal lies.*" (Emphasis added.) This rule implies that if the finality of a judgment has been suspended for purposes of its appealability, it is no longer a "judg-

---

**3.** I.R.C.P. 54(d)(5) provides in part:

> At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment.

I.R.C.P. 54(e)(5) governs requests for attorney fee awards and provides in part:

> Attorney fees, when allowable by statute or contract, shall be deemed as costs in an action and processed in the same manner as costs and included in the memorandum of costs. . . .

**4.** In *Western World, Inc. v. Prater*, 121 Idaho 870, 828 P.2d 899 (Ct.App.1992), the original judg-

ment in favor of the defendant provided that costs but not attorney fees would be awarded, and the defendant thereafter filed a successful Rule 59(e) motion to amend the judgment to provide for an award of attorney fees. This Court held that in such a circumstance a memorandum of costs and fees filed after entry of the amended judgment was timely since the defendant did not become entitled to an award of fees until the amended judgment was entered. *Western World* is not dispositive of the issue presented here, however, since the city became entitled to recover its costs as the prevailing party upon entry of the original judgment.

ment" for purposes of the Rule 54(e) time limit. We therefore hold that the filing of a timely motion to alter or amend a judgment under I.R.C.P. 59(e) tolls the period for filing a memorandum of costs under I.R.C.P. 54(d). This conclusion not only appears to be consistent with the language of Rules 54(a) and (d) and *First Security Bank v. Neibaur, supra,* but also recognizes the practicality that there is little benefit in requiring the prevailing party to file its memorandum of costs within fourteen days from entry of a judgment if there is pending a motion that may result in a different judgment in which a different party may prevail.

In this case, the time for filing the city's cost bill did not elapse until fourteen days after entry of the order denying Stravens' Rule 59(e) motion. The city filed its memorandum of costs and attorney fees well before that deadline. Therefore, the district court properly held that the city's memorandum was timely.

## III.

### CONCLUSION

The judgment in favor of the city, including the award of costs, is affirmed. Attorney fees on appeal were not requested by the city. Therefore, costs incurred on this appeal, but not attorney fees, are awarded to respondent City of Wallace.

WALTERS, C.J., and PERRY, J., concur.