999 P.2d 888

Mark DUNLAP and Nicole (Dunlap) Whit-
lock, on behalf of the Estate of Alan Lee
Dunlap, and Mark Dunlap, as an indi-
vidual, and Nicole (Dunlap) Whitlock, as
an individual, Plaintiffs–Appellants,

v.

CASSIA MEMORIAL HOSPITAL and
MEDICAL CENTER, operated by In-
termountain Health Care, Inc.; Inter-
mountain Care, Inc., a Utah Corpora-
tion doing business in the State of
Idaho, Defendants–Respondents,

and

Dr. Lavonne Garner; Family Health Ser-
vice Corporation, a non-profit Idaho cor-
poration; and John Does I through X,
Defendants.

No. 25186.

Supreme Court of Idaho,
Twin Falls, March 2000 Term.

April 27, 2000.

Jenkins Law Offices, Chartered, Idaho Falls, for appellants. Alan E. Barber argued.

Dalling & Dalling, Idaho Falls, for respondents. William R. Dalling argued.

WALTERS, Justice.

This is a wrongful death action brought by the parents of Alan Lee Dunlap. Alan died on July 19, 1997, due to the alleged negligence of the named defendants at the time of Alan's birth on June 17, 1985. In this appeal, the parents contend that the district court erred in granting a partial summary judgment dismissing their claim against two of the defendants, Cassia Memorial Hospital and Medical Center and Intermountain Health Care, Inc. This Court concludes that the partial summary judgment, which was certified as final by the district court, cannot be disturbed because the appeal is untimely with respect to that judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Within months of the birth of their son, Alan, Mark and Nicole Dunlap filed a complaint, alleging medical malpractice during Nicole's labor and Alan's birth, against Lavonne Garner, M.D., Family Health Services Corporation, Intermountain Health Care, Inc., and Cassia Memorial Hospital and Medical Center which was operated by Intermountain Health Care, Inc. (IHC, Inc.) The complaint alleged that the drug Nisentil was improperly administered to Nicole during labor, which by passing into the baby's circulation system, caused respiratory depression complicated by a tight nuchal cord problem, which in turn caused intrauterine hypoxia, resulting in serious injury to the baby, Alan, at the time he was born.

In July 1990, the district court granted the defendants' motions for summary judgment and dismissed the action. The decision was timely appealed. By a substitute opinion upon the denial of the Dunlaps' petition for rehearing, this Court reversed the order granting summary judgment, vacated the judgments of dismissal and remanded the case for further proceedings. *Dunlap By and Through Dunlap v. Garner,* 127 Idaho 599, 605, 903 P.2d 1296, 1302 (1995).

In May of 1998, the Dunlaps filed a second amended complaint. They asserted therein a wrongful death claim against the defendants, alleging that Alan had died in July 1997 as a result of the disabling conditions which were caused by the negligence of the defendants at the time of Alan's birth.

The defendants Cassia Memorial Hospital and Medical Center and IHC, Inc., answered the amended complaint and moved for summary judgment. They asserted (1) that there was a lack of any proof with respect to the causation element of a prima facie case against the nurses employed by the hospital and IHC, Inc., and (2) that the plaintiffs' expert, Nurse Clark, did not meet the standards of I.C. § 6–1012 to have her testimony admitted by the court.

After a hearing on the summary judgment motion, the district court issued an opinion and order on July 30, 1998. The court determined that some expert witness testimony was required to establish proximate causation in a summary judgment setting. Finding that such testimony was lacking in the plaintiffs' response to the summary judgment motion, the district court granted summary judgment to Cassia Memorial Hospital and Medical Center and IHC, Inc.

The district court then entered a judgment dismissing the action as against the hospital and IHC, Inc. The judgment was entered,

and certified by the district court as final under I.R.C.P. 54(b), on August 5, 1998.[1]

The Dunlaps filed a motion for reconsideration within fourteen days of the entry of the certified judgment. An opinion and order denying the reconsideration motion was entered by the district court on October 1, 1998.

The plaintiffs filed a successive motion for reconsideration of the certified judgment on October 15, 1998. In response, the defendants Cassia Memorial Hospital and Medical Center and IHC, Inc., filed a motion to strike the Dunlaps' renewed motion for reconsideration, asserting that such a successive motion was not authorized by rule or statute. Following a hearing on the motion to strike, the district court ruled in favor of the hospital and IHC, Inc., and on November 2, 1998, granted the motion to strike the new reconsideration motion.

On December 14, 1998, the Dunlaps filed a notice of appeal. The notice recited that the appeal was being taken from the November 2, 1998, opinion and order of the district court granting the defendants' motion to strike the plaintiffs' second motion for reconsideration of the certified partial summary judgment.

## ISSUE ON APPEAL

The Dunlaps raise but one issue on appeal. They ask this Court to decide whether the district court erred in granting the partial summary judgment dismissing the defendants, Cassia Memorial Hospital and Medical Center and IHC, Inc., on the ground that the plaintiffs' expert testimony was lacking in regard to proximate causation.

1. Idaho Rule of Civil Procedure 54(b) provides in relevant part:

   Certificate of Final Judgment. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment upon one or more but less than all of the claims or parties only upon an express determination that there is no

## STANDARD OF REVIEW

A timely appeal is necessary to vest jurisdiction in this Court in order to review issues raised with respect to the action taken by the district court. I.A.R. 14; *Large v. Mayes*, 100 Idaho 450, 600 P.2d 126 (1979); *Carr v. Carr*, 116 Idaho 754, 779 P.2d 429 (Ct.App.1989). A question of jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal. *H & V Engineering, Inc., v. Idaho St. Board of Prof. Engineers and Land Surveyors*, 113 Idaho 646, 747 P.2d 55 (1988). Even if jurisdictional questions are not raised by the parties, this Court is obligated to address them, when applicable, on our own initiative. *Id.*

## DISCUSSION

As noted, the partial summary judgment of August 5, 1998, dismissing the plaintiffs' claims against Cassia Memorial Hospital and Medical Center and IHC, Inc., was certified by the district court as a final and appealable order pursuant to I.R.C.P. 54(b). Under Idaho Appellate Rule 14 (I.A.R.14), an appeal as a matter of right from the district court may be made by filing a notice of appeal within forty-two days from the date of entry of a final judgment, order or decree of the district court. Rule 14 also provides that the time for an appeal is terminated by the filing of a timely motion which, if granted, could affect the findings of fact, conclusions of law or judgment in the action, in which case the appeal period commences to run upon the entry date of the order deciding said motion.

The Dunlaps did not immediately appeal from the certified judgment entered on August 5 but instead filed a motion requesting the district court to reconsider the judgment. The reconsideration motion relied upon I.R.C.P. 11(a)(2)(B)[2], and was filed

just reason for delay and upon an express direction for the entry of the judgment.

2. Rule 11(a)(2)(B) provides:
   (B) Motion for Reconsideration. A motion for reconsideration of any interlocutory orders of the trial court may be made at any time before the entry of the final judgment but not later than fourteen (14) days after the entry of the final judgment. A motion for reconsideration of any order of the trial court made after

within fourteen days after the entry of the judgment. Idaho Rule of Civil Procedure 11(a)(2)(B) provides the authority for a district court to reconsider and vacate interlocutory orders so long as final judgment has not yet been entered. *Telford v. Mart Produce, Inc.*, 130 Idaho 932, 934, 950 P.2d 1271, 1273 (1998), *citing Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997); *and Farmers Nat'l Bank v. Shirey*, 126 Idaho 63, 68, 878 P.2d 762, 767 (1994). Although the reconsideration motion properly would not apply to the partial summary judgment entered by the district court under the terms of Rule 11(a)(2)(B) because that judgment no longer was an interlocutory order but had become a final judgment as a result of the Rule 54(b) certificate entered by the district court, the motion was subject to consideration by the district court as a timely filed motion under I.R.C.P. 59(e) to alter or amend the judgment. *Obray v. Mitchell*, 98 Idaho 533, 567 P.2d 1284 (1977). A timely motion under Rule 59(e) would effectively extend the time for filing an appeal from the judgment. *J.P. Stravens Planning Associates, Inc., v. City of Wallace*, 129 Idaho 542, 928 P.2d 46 (Ct.App.1996), *citing First Security Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977). The Dunlaps, therefore, had forty-two days following the entry of the order denying the motion for reconsideration, treated as a Rule 59(e) motion, or until November 11, 1998, to file their appeal to challenge the certified, final judgment.

However, on October 15, 1998, within fourteen days from the order denying their initial motion for reconsideration but more than fourteen days following certification of the partial summary judgment, the Dunlaps filed a second motion for reconsideration of the same final judgment. In that motion, they raised additional grounds to support their position that the defendants' motion for summary judgment should be denied. This renewed motion was untimely as a Rule 59(e) motion to alter or amend the certified partial summary judgment because it was clearly made more than fourteen days after the entry of the certified judgment. *See Idaho*

entry of final judgment may be filed within fourteen (14) days from the entry of such order; provided, there shall be no motion for

*Dep't of Health & Welfare v. Southfork Lumber Co.*, 123 Idaho 146, 845 P.2d 564 (1993); *McIntire v. Orr*, 122 Idaho 351, 834 P.2d 868 (1992). Subsequently, the district court issued an order granting the defendants' motion to strike on November 2, 1998, and it is from this order that the plaintiffs appeal.

Although the plaintiffs' notice of appeal on December 14, 1998, was filed within forty-two days of the November 2, 1998, order, and thus is timely for the purpose of appellate review of that order, the appeal is not timely for the purpose of permitting a review of the certified judgment dated August 5, 1998, where the district court dismissed the action against the defendants who appear as respondents in this appeal. In order to preserve their right to appeal from the judgment, the Dunlaps should have filed a notice of appeal within forty-two days from the district court's order denying the first motion for reconsideration. The Dunlaps' second motion for reconsideration did not toll the time for filing an appeal from the judgment.

Accordingly, the scope of this appeal does not reach consideration of the plaintiffs' attempt to contest the partial summary judgment in favor of the hospital and IHC, Inc. That issue was not preserved by a timely filing of a notice of appeal from the judgment.

In the order granting the defendants' motion to strike the plaintiffs' second motion for reconsideration, the district court expressly stated: "The one and only matter which should presently be addressed is the defendants' Motion to Strike. There should be no review of the merits of the Second Motion for Reconsideration unless or until the Motion to Strike has been decided." The district court then granted the defendants' motion to strike and never revisited the propriety of the summary judgment on its merits. Therefore, the only proper subject for review in the appeal from the November 2, 1998, order is the discretion of the district court in granting the defendants' motion to strike. However, the Dunlaps raise no issue with regard to that ruling.

reconsideration of an order of the trial court entered on any motion filed under Rules 50(a), 52(b), 55(c), 59(a), 59(e), 59.1, 60(a), or 60(b).

## CONCLUSION

The alleged claim of error in the award of summary judgment cannot be raised on appeal from the district court's order granting the motion to strike the plaintiffs' second reconsideration motion. Thus, the judgment must remain undisturbed. Because the appeal is timely only as to the order granting the motion to strike and because the appellants do not raise any issues with respect to that order, we affirm the order granting the defendants' motion to strike the plaintiffs' second motion for reconsideration of the judgment.

■ Although the respondents are the prevailing parties to this appeal, we award no costs or fees for the reason that the respondents failed to assert the jurisdictional bar which we find dispositive of the sole issue raised by the appellants on this appeal.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL, concur.