**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44493**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 487 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 8, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRANDON GRANT GOULD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying motion to reconsider denial of motion to correct an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Brandon Grant Gould appeals from the district court's order denying his motion to reconsider the denial of his motion to correct an illegal sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A grand jury indicted Gould on one count of lewd conduct with minor child under sixteen (Count I) and one count of sexual abuse of a child under the age of sixteen years (Count II). Subsequently, a jury found Gould guilty of lewd conduct with minor child under sixteen, Idaho Code § 18-1508. Gould was acquitted at trial of the sexual abuse of a child charge. The district court imposed a unified sentence of ten years with three years determinate. In an unpublished decision, this Court affirmed Gould's sentence. *State v. Gould*, Docket No. 35797 (Ct. App. Oct. 27, 2009).

1

Gould filed an Idaho Criminal Rule 35(a) motion claiming his sentence was illegal because the indictment failed to list the names of the witnesses who testified before the grand jury, rendering it invalid and insufficient to confer subject matter jurisdiction over the charges. The district court rejected Gould's arguments and denied his motion. This Court affirmed the district court. *State v. Gould*, Docket No. 42051 (Ct. App. Mar. 6, 2015) (unpublished). Gould filed a second Rule 35(a) motion to correct an illegal sentence, again contending the indictment was insufficient to confer subject matter jurisdiction over the charges. In the second motion, Gould asserted that the prosecutor engaged in misconduct by presenting to the grand jury an amended version of the original proposed indictment, in which Count II was changed from lewd conduct with a minor under the age of sixteen to sexual abuse of a child under sixteen, the charge of which he was ultimately acquitted. Gould contended that Count II, as amended during the jury proceedings, should not have been presented to the grand jury and prejudiced him in defending the lewd conduct with a minor charge at trial. The district court again rejected Gould's arguments and denied that motion. Gould did not appeal that decision.

Thereafter, Gould filed a third Rule 35(a) motion wherein he argued that the sexual abuse of a child charge was constructively amended during the course of the trial, thus depriving the district court of subject matter jurisdiction over the charges. The district court summarized the claim:

> The alleged constructive amendment of Count II happened in one or both of two ways: (i) by the supposed introduction at trial of evidence of different sexual touching (manual-to-genital touching) than was alleged in Count II (manual-to-bottom touching); and (ii) by the giving of jury instructions that did not require the jury to find manual-to-bottom touching to find Gould guilty as charged in Count II. As Gould acknowledges, though, he was acquitted of Count II. Thus, as he did in his second Rule 35(a) motion, he again is arguing that supposed improprieties with respect to Count II prejudiced him in defending against Count I, of which he was found guilty.

(Footnote omitted.) The district court denied the motion, noting that Gould had not shown grounds for relief under Rule 35(a). Gould filed a motion for reconsideration, which the district court denied, concluding that its previous order "adequately explains why Gould is not entitled to the relief he requests." Gould appeals.

2

## II.

## ANALYSIS

Gould argues the district court erred when it denied Gould's motion for reconsideration. The State initially asserts that this Court does not have jurisdiction to consider the merits of Gould's third Rule 35(a) motion and even if it does, Gould has failed to show error in the denial of the motion.

As an initial matter, the State argues that the merits of the district court's denial of the Rule 35 motion is not reviewable through the motion for reconsideration. A motion allowed under Idaho Appellate Rule 14(a) may restart the time to appeal the denial. However, such motion must be made within fourteen days of the denial. Gould's motion for reconsideration was not filed within fourteen days and thus, because it was untimely, did not affect the forty-two days in which to appeal the denial. *See Dunlap v. Cassia Mem'l Hosp. Med. Ctr.*, 134 Idaho 233, 236, 999 P.2d 888, 891 (2000). Since there was no timely appeal from the denial, this Court lacks jurisdiction to review the merits of the denial by reviewing the subsequent denial of the motion for reconsideration. We agree. Nonetheless, we also agree with the district court that Gould's motion is not proper under Rule 35(a).

Relevant to this appeal, I.C.R. 35(a) allows a district court to correct an illegal sentence or correct a sentence imposed in an illegal manner. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Generally, whether a sentence is illegal or whether it was imposed in an illegal manner is a question of law, over which we exercise free review. *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009) (quoting *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007)). In *Clements*, the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *Farwell*, 144 Idaho at 735, 170 P.3d at 400. Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147. An illegal sentence under Rule 35 is one in excess of a

statutory provision or otherwise contrary to applicable law. *State v. Alsanea*, 138 Idaho 733, 745 69 P.3d 153, 165 (Ct. App. 2003).

Gould asserts that a constructive amendment of the sexual abuse of a minor charge invalidated the entire indictment and thus created a jurisdictional defect. Further, the issue of whether the constructive amendment of the sexual abuse charge in the indictment prejudiced him in defending the lewd conduct charge is a question of law. Gould also contends that the two bases upon which the indictment was constructively amended are clear from the face of the record and could be discerned without resolving significant questions of fact or holding an evidentiary hearing.

In denying Gould's third Rule 35(a) motion, the district court found that Gould "lacks a tenable basis for his contention that the alleged constructive amendment deprived the court of subject matter jurisdiction over the charges." The district court correctly observed that "relief from an illegal sentence is authorized under Rule 35(a) only if the sentence's illegality is apparent from the face of the record and can be discerned without resolving significant questions of fact or holding an evidentiary hearing." In denying Gould's motion, the district court reasoned that the issue of prejudice was a significant question of fact and, therefore, not a proper subject for a Rule 35(a) motion. We agree.

Following the analysis this Court undertook the first time Gould challenged his sentence as being illegal, the alleged defect of which Gould complains is not jurisdictional. *See Gould*, Docket No. 42051.[1] Further, Gould acknowledges the ruling in *State v. McIntosh*, 160 Idaho 1, 6, 368 P.3d 621, 626 (2016) in which the Idaho Supreme Court held that an improper jury instruction does not implicate a district court's subject matter jurisdiction. Moreover, the district court did not err in finding that an illegal sentence is one that is illegal from the face of the record, does not involve significant questions of fact, and does not require an evidentiary hearing. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). Whether the alleged defects in the trial proceedings as to the sexual abuse of a child charge actually prejudiced Gould

---

[1]  In that unpublished decision, this Court observed that defects in charging documents have been found to be jurisdictional in very limited circumstances which all share a common thread: the facts as alleged in the charging document do not amount to a crime that may be tried in Idaho courts. Gould does not argue that his conduct did not amount to an offense, nor that the grand jury lacked the authority to issue indictments, nor any other defect of a fundamental or structural nature.

as to the lewd conduct with a minor charge is a significant question of fact which would require an examination of the record. This is especially true in light of the fact that Gould was acquitted of the sexual abuse charge. Therefore, Gould has shown no error in the district court's denial of the motion to reconsider his Rule 35(a) motion to correct an illegal sentence.

## III.

## CONCLUSION

The district court's order denying Gould's motion for reconsideration of the denial of his Rule 35(a) motion to correct an illegal sentence is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.