# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45911

DALE JOHNSON, an individual, )
)
    Plaintiff-Appellant, )
)
v. )
)
IDAHO DEPARTMENT OF LABOR, AMY )     Boise, August 2019 Term
HOHNSTEIN, Appeals Bureau Director; )
MARK RICHMOND, Appeals Hearing )     Opinion Filed: October 28, 2019
Examiner; JANET HARDY, Appeals Hearing )
Examiner; GEORGIA SMITH, Records )     Karel A. Lehrman, Clerk
Custodian; and JOHN and JANE DOES I-V, )
in their individual and official capacities as )
employees of the State of Idaho, )
)
    Defendants-Respondents. )
_____ ).

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Barbara A. Buchanan, District Judge.

District court's order is affirmed.

James McMillan, Wallace, for appellant. James McMillan argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondents. Douglas A. Werth argued.

_____

BRODY, Justice.

This appeal involves a negligence action brought against the Department of Labor for the alleged improper handling of an unemployment claim. Dale Johnson filed a claim for unemployment benefits which was denied. Johnson appealed the determination to the Appeals Bureau of the Idaho Department of Labor, but the appeal was denied after a hearing. Johnson again appealed the determination to the Industrial Commission, but, while the appeal was pending, Johnson learned that his hearing's recording was lost. The Industrial Commission remanded the case to the Appeals Bureau for a new hearing. Ultimately, after two additional

1

hearings and a second appeal to the Industrial Commission, Johnson won his claim for benefits with the Commission finding that Johnson was eligible for benefits. Johnson subsequently filed suit against the Department of Labor for unnecessary delays and other alleged improprieties in the handling of his claim. The district court dismissed the case for failure to file a notice of tort claim pursuant to the Idaho Tort Claims Act and then denied Johnson's post-judgment motions. We affirm the judgment of the district court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Dale Johnson maintained roller coasters for Silverwood, Inc. Among rising contentions and a dispute with Silverwood's new director of construction and maintenance, Johnson resigned his position on June 8, 2015. He subsequently applied for unemployment benefits, but his claim was denied. Johnson challenged the denial with the Appeals Bureau of the Idaho Department of Labor, and a hearing was held on August 5, 2015.

The hearing examiner denied Johnson's appeal, determining that Johnson was not entitled to benefits. Johnson appealed to the Idaho Industrial Commission. While the appeal was pending, Johnson was notified that the recording of his hearing was lost. While Johnson claims he submitted his own recording and transcript of the hearing (as recorded by his wife), that copy was rejected because it was not official. Because of the lost recording, the Commission remanded the case back to the Department of Labor for another hearing. After two additional hearings, both before the Appeals Bureau, Johnson lost his claim again and appealed for a second time to the Idaho Industrial Commission. On this second appeal the Commission reversed the Department of Labor's determination on April 29, 2016, finding that Johnson was eligible for unemployment benefits because he had good cause to quit his employment. Four months later, on August 25, 2016, Johnson filed a notice of tort claim with the Idaho Secretary of State.

On March 20, 2017, several months after filing his notice of tort claim, Johnson filed a complaint against the Department of Labor, alleging negligence and requesting damages exceeding $10,000 for the unnecessary delay of his unemployment benefits. The Department of Labor subsequently filed a motion to dismiss the complaint with prejudice for lack of subject matter jurisdiction because Johnson failed to timely file a notice of tort claim as required by the Idaho Tort Claims Act (ITCA). The district court granted the Department of Labor's motion pursuant to Idaho Rule of Civil Procedure 12(b)(1) motion and dismissed Johnson's claim with prejudice on September 14, 2017.

2

Johnson filed a motion for reconsideration and a motion to allow additional discovery, both of which were denied on November 15, 2017. Johnson then filed a motion for additional findings of fact and conclusions of law pursuant to Idaho Rule of Civil Procedure 52(b) and a motion to aside the judgment pursuant to Idaho Rule of Civil Procedure 60(b)(6). In his supporting memorandum, Johnson also asked for the judgment to be altered or amended pursuant to Rule 59(e). The district court denied these motions on February 13, 2018, explaining that the Rule 52(b) and 59(e) motions were untimely and "that the Rule 60(b)(6) motion is improper to the extent that the plaintiff is trying to re-litigate the substance of his negligence claim and challenge the findings of fact and conclusions of law made by this Court in its original" decision. The district court also awarded attorney fees to the Department of Labor after finding that Johnson's second set of post-judgment motions were untimely and without merit.

Johnson then appealed the district court's September 14, 2017 order, November 15, 2017 order, and February 13, 2018 order in a single notice of appeal. Prior to oral argument, this Court dismissed the portions of Johnson's appeal related to the 2017 orders because they were not timely appealed. The only issues addressed here are related to the order dated February 13, 2018, because it was the only decision Johnson timely appealed.

## II.    STANDARD OF REVIEW

The district court's decision to grant or deny motions under both Idaho Rules of Civil Procedure 60(b) and 59(e) is within the discretion of the trial court. *Pandrea v. Barrett*, 160 Idaho 165, 171, 369 P.3d 943, 949 (2016); *Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010). Thus, we review the district court's determinations for an abuse of discretion. *Pandrea*, 160 Idaho at 171, 369 P.3d at 949; *Eby*, 148 Idaho at 734, 228 P.3d at 1001. The abuse of discretion standard is well known:

> When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of *four* essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.    ANALYSIS

**A.  The district court did not err in denying Johnson's motion for additional findings of fact and conclusions of law.**

3

Johnson states that the district court erred in denying his motion for additional findings of facts and conclusions of law, but he fails to cite to any case law, rules, or statutes to support his position, and he fails to offer any explanation of how the court erred in denying the motion. His simple statement of an issue is insufficient—we will not address an issue where the appellant fails to make an argument or cite to authority. *See, e.g., Hurtado v. Land O'Lakes, Inc.,* 153 Idaho 13, 17, 278 P.3d 415, 419 (2012).

**B. The district court did not err in denying Johnson's motion to alter or amend the judgment.**

Johnson states that the district court erred in denying his motion to alter or amend the judgment for untimeliness because his motion for reconsideration tolled the time in which to file his Idaho Rule of Civil Procedure 59(e) motion. Though unstated, Johnson seems to argue that the district court abused its discretion by failing to apply the correct law. We disagree.

Idaho Rule of Civil Procedure 59(e) states, "A motion to alter or amend the judgment must be filed and served no later than 14 days after entry of the judgment." A motion for reconsideration must also be filed within 14 days after entry of the final judgment. I.R.C.P. 11.2(b)(1). A Rule 59(e) motion to alter or amend the judgment is not subject to reconsideration. I.R.C.P. 11.2(b)(2). While a motion for reconsideration tolls the time for filing an appeal until an order is entered deciding the motion, s*ee, e.g., Castle v. Hays*, 131 Idaho 373, 374, 957 P.2d 351, 352 (1998), it does not toll the filing requirements of other post-judgment motions. *See Dunlap v. Cassia Mem'l Hosp. Med. Ctr.*, 134 Idaho 233, 236, 999 P.2d 888, 891 (2000).

In *Dunlap v. Cassia Memorial Hospital Medical Center*, the plaintiffs filed a motion for reconsideration within 14 days of the certified final judgment, giving them 42 days to file an appeal following the entry of the district court's order denying that motion for reconsideration. 134 Idaho at 236, 999 P.2d at 891. Then the plaintiffs filed a second motion for reconsideration—treated by the Court as a Rule 59(e) motion to alter or amend the judgment—more than 14 days following the certified final judgment. *Id.* This Court held this second motion untimely, and used the original final judgment date as the measuring stick for the motion's timeliness. *Id.* "This renewed motion was untimely as a Rule 59(e) motion to alter or amend the certified partial summary judgment because it was clearly made more than fourteen days after the entry of the certified judgment." *Id.*

Here, the district court entered its final judgment on September 14, 2017, which meant Johnson should have filed his Rule 59(e) motion by September 28, 2017. Johnson did not file his motion to amend or alter the judgment until November 29, 2017, two months too late. Johnson has equated the tolling of appeals with tolling the time requirements for post-judgment motions, a theory this Court rejected in *Dunlap*. Like in *Dunlap*, Johnson filed a Rule 59(e) motion far beyond the 14 day deadline in the hopes that his earlier motion for reconsideration would toll the timeline. It did not. Therefore, the district court was correct in finding Johnson's motion untimely and it correctly applied Idaho Rule of Civil Procedure 59(e)'s strict 14-day filing deadline. There was no abuse of discretion.

**C. The district court did not err in denying Johnson's motion to set aside the judgment.**

Johnson next contends that his need for additional discovery in a case where the appellant lacks evidence and the Department of Labor retains "unfettered access" to all relevant documents is a "unique and compelling" circumstance that warrants setting aside the final judgment. Though unstated, Johnson seems to argue that the district court abused its discretion by failing to reach its decision by an exercise of reason. We disagree.

Setting aside a final judgment falls under Idaho Rule of Civil Procedure 60(b), which permits a court to

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

"Although courts have broad discretion in granting or denying such motions, that discretion is bounded by the requirement that the party seeking relief demonstrate 'unique and compelling circumstances' which justify relief." *Maynard v. Nguyen*, 152 Idaho 724,

5

726, 274 P.3d 589, 591 (2011). In addition, Rule 60(b) motions should not be used as a substitute for a timely appeal. *Id.*

The district court's decision to deny Johnson's motion to set aside the judgment was well reasoned. It determined that Johnson's Rule 60(b)(6) motion was improper because it was an attempt to re-litigate the substance of his negligence claim and challenge the findings of fact and conclusions of law made by the district court in its original decision to dismiss Johnson's claim. Johnson's assertion that there "may be" a wealth of evidence undisclosed by the Department of Labor is mere speculation. As articulated by the district court:

> This speculation by the plaintiff does not demonstrate "unique and compelling circumstances" required for this Court to set aside the Judgment pursuant to 60(b)(6). The plaintiff's issues with the IDOL and other state government agencies about public records are irrelevant to this case and a Rule 60(b) motion is not available as a remedy for disputes over public records requests.

In fact, Johnson's own briefing admits his failure to demonstrate "unique and compelling circumstances" by requesting discovery to gain enough evidence to qualify for a Rule (60)(b)(6) motion. Johnson's failure to provide a basis for his motion when seeking relief from the district court is not a basis to grant relief now. As reasoned by the district court, Johnson's motion 60(b)(6) motion cannot be used as a substitute for the failure to timely appeal the district court's final judgment. Therefore, we affirm the district court's decision to deny Johnson's Rule 60(b)(6) motion.

## D. The Department of Labor is not entitled to attorney fees on appeal.

The Department of Labor argues it is entitled to attorney fees on appeal under sections 12-117(1) and 12-121 of the Idaho Code. We disagree.

Section 6-918A of the ITCA unambiguously provides that it is the exclusive basis for an award of attorney fees in an action governed by the Act. It states in relevant part: "The right to recover attorney fees in legal actions for money damages that come within the purview of this act shall be governed exclusively by the provisions of this act and not by any other statute or rule of court, except as may be hereafter expressly and specifically provided or authorized by duly enacted statute of the state of Idaho." I.C. § 6-918A. The standard for awarding fees under this provision requires clear and convincing evidence of bad faith on the part of the losing party:

> At the time and in the manner provided for fixing costs in civil actions, and at the discretion of the trial court, appropriate and reasonable attorney fees may be awarded to the claimant, the governmental entity or the employee of such

6

governmental entity, as costs, in actions under this act, upon petition therefor and a showing, by clear and convincing evidence that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action.

The Department of Labor has not cited section 6-918A as the basis for its request for attorney fees. We will not entertain an attorney fee award based on a statutory provision which has not been specifically identified and briefed by the requesting party. *See, e.g.*, *Washington Federal v. Hulsey*, 162 Idaho 742, 749, 405 P.3d 1, 8 (2017) (party claiming attorney fees must cite specific statute, rule, or case authorizing award). The statutory provisions the Department has cited are not applicable to this case. As such, attorney fees are denied.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's decision to deny Johnson's post-judgment motions. We deny attorney fees, but award costs to the Department of Labor pursuant to I.A.R. 40.


Chief Justice BURDICK, and Justices BEVAN, STEGNER, and MOELLER CONCUR.